UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
MICHAEL FRANCIS,

                Plaintiff,

- against -

NAMDOR, INC. AND RED APPLE
GROUP, F/K/A GRISTLES FOODS,

                Defendants.
-------------------------------------------------------- x

**MEMORANDUM & ORDER**
15 CV 745 (RJD) (CLP)

DEARIE, District Judge

    Plaintiff Michael Francis worked as a construction manager in Defendants' warehouse until he was fired in the summer of 2014, ostensibly for directing warehouse employees to sell metal shelves and other materials stolen from the warehouse as scrap and pocketing the proceeds. Francis alleges, however, that this was not the true reason for his firing, and that he was actually fired on account of a disability in violation of the Americans with Disabilities Act ("ADA") and the New York State Human Rights Law ("NYSHRL"). See 42 U.S.C. § 12101, et seq.; N.Y. Exec. L. § 296. The Court converted Defendants' motion to dismiss these claims into a motion for summary judgment. See ECF No. 32 ("MTD Order"), at 2 (citing Fed. R. Civ. P. 12(d)); see also Fed. R. Civ. P. 56(a). After discovery, the parties submitted supplemental briefing and additional evidence. See ECF Nos. 37 ("Mot."), 41 ("Opp'n"). As explained below, the motion is granted.

## BACKGROUND

    Defendants own and operate a chain of supermarkets and periodically sell used or unneeded shelves, racks, and other materials from their stores to a scrap metal business. In mid-2014, after discovering that an account maintained for the proceeds of those sales had a zero

balance, Defendants began an investigation. During that investigation, two employees told investigators that Francis had directed warehouse employees to sell metal shelves and other materials as scrap and return the proceeds to him. According to those employees, Francis gave some of the proceeds to the warehouse employees while keeping the lion's share for himself.

Subsequently, on March 27, 2014, Defendants' investigator Edward Mamet, Vice President of Human Resources Renee Flores, and two police detectives met with Francis. According to Mamet, Flores, and one of the detectives, during that meeting Francis admitted to pocketing at least $2000 from scrap metal sales. When Flores asked Francis to make a written statement, however, he demurred, asking if he could return the next day to finish the meeting and make a written statement. Although Flores agreed to reconvene the next day, she stated in both her declaration and at her deposition that she decided to fire Francis on March 27.

Early the next morning, Francis was apparently injured in a workplace accident. Francis did not immediately seek medical attention, instead finishing the work day. He did not, however, complete his meeting with Flores nor did he make a written statement concerning the scrap metal sales. Instead, after Francis left work for the day, Flores called to tell him that he was suspended pending termination. The following day, March 29, 2014, Francis first sought treatment for his injuries. Two days later, Francis told Defendants' payroll department that he would be out on workers' compensation as a result of his injury. He was later diagnosed with a mild-to-moderate disability that prevents him from moving heavy objects or frequently bending.

Francis was officially terminated in a letter dated June 16, 2014. Defendants' warehouse manager, George Avila, was also terminated for his involvement in the scrap metal sales. Francis brought suit alleging that his firing constituted age discrimination prohibited by the Age Discrimination in Employment Act, 29 U.S.C. Section 623, and disability discrimination barred

by the ADA and NYSHRL. The Court granted Defendants' motion to dismiss the age discrimination claims under Federal Rule of Civil Procedure 12(b)(6), but converted Defendants' motion to dismiss the disability discrimination claim into a motion for summary judgment under Rule 12(d). MTD Order at 1. As requested by Francis's counsel, Flores and Mamet were deposed, and the parties submitted supplemental briefs.

## LEGAL STANDARD

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether summary judgment is warranted, the Court must "resolve all ambiguities and draw all reasonable inferences against the movant." Delaney v. Bank of Am. Corp., 766 F.3d 163, 167 (2d Cir. 2014) (quoting Aulicino v. N.Y.C. Dep't of Homeless Servs., 580 F.3d 73, 79-80 (2d Cir. 2009)). Nevertheless, "a party opposing summary judgment and arguing that a material fact is genuinely disputed must support that contention either by citing to materials in the record supporting a genuine factual dispute or by showing that the material in the record does not establish the absence of a genuine dispute." 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 2727.2 (4th ed. 2017); see also Fed. R. Civ. P. 56(c)(1); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986) ("[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment.").

## DISCUSSION

Defendants argue that the undisputed facts demonstrate that they were unaware of Francis's disability at the time they decided to terminate him. Specifically, Defendants point to Flores's uncontroverted testimony that she decided to fire Francis during the March 27, 2014

3

meeting—the day before he was injured and several days before Defendants had notice of any potential disability. Because Defendants decided to fire Francis before they knew of his disability, they conclude that he cannot have been fired on account of his disability. See Emmons v. City Univ. of N.Y., 715 F. Supp. 2d 394, 407 (E.D.N.Y. 2010) (explaining that disability discrimination claims require a plaintiff to "assert that (1) defendants are subject to the ADA; (2) that [he] is 'disabled' within the meaning of the statute; and (3) [that he] was subject to some adverse employment action . . . by reason of having such disability." (citing Bolmer v. Oliveira, 594 F.3d 134, 148 (2d Cir. 2010); Giordano v. City of New York, 274 F.3d 740, 747 (2d Cir. 2001))); see also Graves v. Finch Pruyn & Co., 457 F.3d 181, 184 n.3 (2d Cir. 2006) (noting that the same analysis applies to claims under the NYSHRL).

Other courts have granted summary judgment on disability discrimination claims under similar circumstances. For example, in Soares v. University of New Haven, 154 F. Supp. 2d 365 (D. Conn. 2001), the court granted summary judgment on a disability discrimination claim where it was "unrebutted . . . that the decision to terminate plaintiff was made . . . before [defendants] had any knowledge of plaintiff's illness." Id. at 373; see also Raytheon Co. v. Hernandez, 540 U.S. 44, 55 n.7 (2003) ("If [defendant] were truly unaware that [plaintiff's] disability existed, it would be impossible for her hiring decision to have been based, even in part, on [plaintiff's] disability. And, if no part of the hiring decision turned on [plaintiff's] status as disabled, he cannot, *ipso facto*, have been subject to disparate treatment."). Even though the Soares plaintiff was told of her termination after she informed defendants of her disability, "the undisputed facts as attested to by the affidavits of [defendant's witnesses] show that [the] decision [to terminate plaintiff] was reached almost two weeks prior to defendant's discovery of plaintiff's disability."

4

Soares, 154 F. Supp. 2d at 373. "Thus, the decision to terminate [plaintiff] . . . clearly was not because of her disability." Id.

As in Soares, it is undisputed that Defendants decided to fire Francis before they knew anything about his claimed disability. Both Flores and Mamet stated in their deposition testimony and reiterated in their affidavits that the decision to terminate Francis was made on March 27, the day before he was allegedly injured and at least several days before Defendants could be said to be on notice of Francis's disability. Thus, the decision to fire Francis cannot have been made because of his disability.

Francis, for his part, does not respond to this argument. Nor does he point to any contrary evidence or assert that genuine issues of material fact preclude summary judgment. Rather, Francis responds to Defendants' motion with two arguments of his own: (1) that the scrap metal he was accused of selling was abandoned by Defendants, not stolen, and (2) that because he was injured and received workers' compensation, "it is apparent that [Defendants] discriminated against [Francis] because of the disability." See Opp'n at 3. Both arguments are unavailing.

Francis's first argument is a non-sequitur. "Absent discrimination, an employer may fire an employee 'for a good reason, a bad reason, a reason based on erroneous facts, or no reason at all.'" Droutman v. N.Y. Blood Ctr., Inc., No. 03-cv-5384 (DRH/ARL), 2005 WL 1796120, at *9 (E.D.N.Y. July 27, 2005) (quoting Mohamed v. Marriott Int'l, Inc., 905 F. Supp. 141, 155 (S.D.N.Y. 1995)). Thus, even if Defendants misunderstood the facts, and the scrap metal Francis sold had been abandoned, that does not mean Defendants could not fire him for selling it or that firing him for so doing would constitute discrimination. See id. ("An employer's good faith belief that an employee engaged in misconduct is a legitimate reason for terminating [him], and

5

the fact that the employer is actually wrong is insufficient to show that the alleged misconduct is a pretext for discrimination." (emphasis omitted)).

Francis's second argument calls to mind the familiar rule that temporal proximity between an adverse employment decision and the disclosure of a disability gives rise to an inference of discrimination. See Baron v. Advanced Asset & Prop. Mgmt. Solutions, LLC, 15 F. Supp. 3d 274, 283 (E.D.N.Y. 2014). Defendants, however, have come forward with evidence of a legitimate, non-discriminatory reason for firing Francis. Under these circumstances, temporal proximity alone is not sufficient to save Francis's claims. See Trent v. Town of Brookhaven, 966 F. Supp. 2d 196, 206 (E.D.N.Y. 2013) (granting summary judgment on an ADA claim where "Plaintiff's only evidence disputing Defendant's evidence of a legitimate, non-discriminatory reason is the temporal proximity of particular events and speculation."); see also Holcomb v. Iona Coll., 521 F.3d 130, 141 (2d Cir. 2008) ("Because [defendant] has produced evidence that it acted for a non-discriminatory reason, [plaintiff] may no longer rely on the presumption of discrimination raised by the prima facie case.").

## CONCLUSION

Because the undisputed evidence establishes that Francis was not fired on account of his disability, Defendants' motion for summary judgment is granted. The clerk shall enter judgment in Defendants' favor and close the case.

**SO ORDERED.**

Dated: Brooklyn, New York  
       August 2̲3̲, 2017

s/ RJD  
RAYMOND J. DEARIE  
United States District Judge